TRACY L. WILKISON
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
     Ronald Reagan Federal Bldg. & U.S. Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3505
     Facsimile: (714) 338-3561
     E-mail:    bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 21-66-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CHRISTOPHER RYAN CUPP |
| v. | |
| CHRISTOPHER RYAN CUPP, | Date: January 24, 2021 |
| Defendant. | Time: 9:30 a.m. |

The government submits its sentencing position for defendant Christopher Ryan Cupp.

Dated: January 11, 2022        /s/
                               BRADLEY E. MARRETT
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

## I. INTRODUCTION

Defendant Christopher Ryan Cupp operated a classic fraud scheme: he solicited investments promising to use the money to fund short term business loans; these loans did not exist, however, and instead defendant Cupp used the money to enrich himself and to repay earlier investors. Although some earlier investors were repaid part, or all, of the amount they invested, others were not. The parties' estimated in the plea agreement the amount invested but not returned to investors was at least $1,277,539.81. (ECF 6, Plea Agreement ¶ 10.) The government urges the Court to adopt this figure as a reasonable estimate of loss in this case, and thus the government objects to the USPO's loss calculation, which does not account for some of the repayments made to investors.

In view of the seriousness and scope of defendant's fraud as well as other reasons discussed below, and in accordance with the plea agreement, the government recommends a sentence of 30 months' imprisonment, followed by three years' supervised release, and a special assessment of $100.

## II. BACKGROUND

On June 7, 2021, defendant pleaded guilty to a single-count Information, charging him with wire fraud, in violation of 18 U.S.C. § 1343. Defendant Cupp admitted to the facts in Paragraph 10 of his plea agreement, (ECF 6, Plea Agreement ¶ 10), which included the following:

> Beginning in or about January 2, 2015 and continuing to in or about May 17, 2017, defendant devised and participated in a scheme to defraud and a scheme to take money by means of false and fraudulent pretenses, representations, and promises.
>
> The scheme operated, in substance, as follows:

1

Defendant solicited investments from friends, friends-of-friends, business contacts, and others.  Defendant told victim-investors that their money would be used to fund short-term, small business loans.  Victim-investors, believing that defendant was brokering these loan transactions and that their money would be used for that purpose, transferred money to defendant.

In truth, however, defendant did not use the victim-investors' money for that purpose.  In reality, defendant used the money to pay for his own lifestyle and to repay earlier victim-investors in order to keep the scheme operating.

When defendant made the statements to the victim-investors about the purposes for which their monies would be used, he knew the statements were false, fraudulent, and material to the victim-investors.  In participating in and devising the scheme to defraud, defendant acted with the intent to defraud, that is, the intent to deceive and cheat.  In total, defendant defrauded victim-investors of and did not repay at least $1,277,539.81.  The offense involved at least 10 victim-investors.

Defendant caused Victim-Investor A, on or about November 7, 2016, to send an interstate wire communication to carry out an essential part of the scheme.  In particular, defendant convinced Victim-Investor A to wire transfer defendant $250,000 because of defendant's material, false statements about how Victim-Investor A's money would be used.  This wire transfer was sent to defendant in Orange County, California, at Bank of America account ending in 7281.

## III. GUIDELINES CALCULATIONS & GOVERNMENT'S OBJECTION TO PSR

The government calculates the Sentencing Guidelines as follows:

| | | |
|---|---|---|
| Base offense level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| > 10 victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Acceptance: | -3 | U.S.S.G. § 3E1.1 |

In accordance with the plea agreement, the government urges the Court to apply a 14-level loss adjustment corresponding to a loss of

more than $550,000 but less than $1.5 million.  (Plea Agreement ¶ 12.)  Further, the government objects to the USPO's loss calculation of more than $5 million.

The USPO's calculation overstates loss insofar as it fails to account for repayments made to investors.  (ECF 18, PSR at 25.)  For example, while the PSR notes a loss of $7,790.60 to investor G.N.S., it does not credit the $18,580.60 repaid to the same investor under the name G.S.  Similarly, the PSR notes a loss of $3,819,127.70 to investor Seaside Funding, but does not credit the $3,217,071.43 repaid to R.C., who is an owner of Seaside Funding but who did not individually invest money with defendant.

The PSR's incorrect accounting is likely the result of the fact that the individuals being repaid, like R.C., are not always the same as the individual or entity that nominally invested with defendant. When such repayments are accounted, the government believes that a reasonable estimate of loss is between $550,000 and $1.5 million. Thus, consistent with the plea agreement, the government objects to the USPO's loss calculation and urges the Court to find that the loss amount is more than $550,000 but less than $1.5 million.

After a three-level reduction for acceptance of responsibility, which the government recommends, this would yield an offense level of 20, prior to any additional variances.

The USPO has determined that defendant is in criminal history category III.  (PSR ¶ 51.)  The government has no objection to the USPO's calculation of defendant's criminal history.  The resulting sentencing range for an offense level 20 and criminal history category III is 41-51 months.

In addition, the Court should order restitution to the victims in this case. The government and the defendant estimated in the plea agreement that the amount of restitution was approximately $1,277,539.81. The government is still in the process of confirming both pre- and post-indictment repayments to investors and identifying overlaps between investors and investor groups and thus recommends that the Court set a restitution hearing for 60 days from the date of sentencing. 18 U.S.C. § 3664.

**IV.   GOVERNMENT'S SENTENCING RECOMMENDATION**

If the Court concurs in the government's sentencing guidelines calculation, resulting in an offense level of 20, the advisory guidelines range of is 41-51 months. In addition, however, the government also recommends that the Court grant an additional Booker variance equivalent to three-levels in view of defendant's early acceptance of responsibility and the mitigating circumstances specific to this defendant noted in the PSR.[1]

With the additional three-level variance, the guidelines range becomes 30-37 months, and the government recommends, consistent with the plea agreement, that the Court impose a low-end sentence of 30 months' imprisonment followed by three years of supervised release.

The government submits that its recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct, his physical health history, his educational history, his familial ties and responsibilities, and his efforts toward rehabilitation.

---

[1] The government is also attaching herewith a letter the government received from one of the victims in this case. (Ex. 1.)

4

**V.     CONCLUSION**

Based on the foregoing, the government recommends that this Court impose a sentence of 30 months' imprisonment followed by three years' supervised release, and a $100 special assessment. The government also recommends that the Court set a restitution hearing for 60 days from the date of sentencing.